524

STURRUP v. NORTH ATLANTIC & GULF
S. S. CO., Inc.
Clv. A. No. 6885.

United States District Court
E. D. Pennsylvania.
June 14, 1949.

· E. H. Fuiman, of Philadelphia, Pa., for plaintiff.

Rawle & Henderson, by Harrison G. Kildare, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is a seaman's action at law to recover damages and maintenance and cure for injuries allegedly sustained by plaintiff aboard defendant's vessel, the S. S. "Purdue Victory". Upon the call of the case, plaintiff withdrew his demand for a jury trial, and the parties agreed to submit the cause to the Court for determination.

On the basis of the pleadings and the testimony, I make the following special

Findings of Fact.

1. The plaintiff is John A. Sturrup.

2. The defendant is North Atlantic & Gulf Steamship Company, Inc.

3. Plaintiff was employed as a utility messman aboard defendant's vessel, the S. S. "Purdue Victory", from July 17, 1946 until November 17, 1946.

4. On or about September 19, 1946, while the vessel was at anchorage in the port of Tocopilla, Chile, plaintiff became ill, and was unable to perform his duties.

5. Plaintiff was examined by the purser of the vessel on September 19, 1946. At the time of the purser's examination, plaintiff complained of pain in his legs. Plaintiff was running a fever, and his legs were swollen.

6. The purser reported plaintiff's illness to the master, and summoned a local physician, who came aboard on September 19, 1946, examined plaintiff, and advised the purser as to necessary treatment.

7. The purser administered the recommended treatment until September 22, 1946, on which date the local physician reexamined plaintiff and advised his removal to the Tocopilla hospital. Plaintiff's removal to the hospital was accomplished within an hour thereafter.

8. Plaintiff underwent treatment at the Tocopilla hospital for a period of 16 days, with the exception of a period of several hours approximately six days after his admission, when he returned to the vessel without a discharge slip, and was returned to the hospital at the direction of the master.

9. While at the Tocopilla hospital, plaintiff underwent an operation for a varicose condition of the saphenous veins of both legs.

10. When plaintiff was discharged from the hospital, he returned to the vessel and rested for eleven days. Thereafter, he returned to his regular duties, which he performed until the termination of the voyage at New York, N. Y, on November 17, 1946.

11. When the voyage terminated, plaintiff was paid off in full for all wages, overtime, and bonus earned during his period of employment aboard the vessel.

12. On or about November 18, 1946, plaintiff reported to Staten Island Marine Hospital, where he was treated and released the same day, with instructions to return if necessary.

13. Plaintiff then went to Philadelphia, Pennsylvania, where he was treated periodically by Dr. David Zipin between November 20, 1946 and December 7, 1946.

14. On December 7, 1946, upon the recommendation of Dr. Zipin, plaintiff returned to Staten Island Marine Hospital, where he received baking treatments for leg swelling and inflammation until December 17, 1946 He was discharged from that hospital on December 17, 1946, with swelling and inflammation removed, infection resolved, and a prognosis of one week's convalescence.

15. On January 11, 1947, plaintiff shipped out as a messman aboard another vessel. There is no evidence that, on and after January 11, 1947, plaintiff's condition would have been benefited by further medical care or nursing attention.

16. Plaintiff has not established by a preponderance of the credible evidence that the condition of his legs was either caused or aggravated by any accident aboard the S. S. "Purdue Victory", or by any act or omission on the part of defendant's servants, agents or employees, or by any unseaworthiness of the vessel.

17. Plaintiff is entitled to maintenance and cure for the period from November 18, 1946, through January 10, 1947, less the period from December 7, 1946 through December 17, 1946, during which he was an in-patient at Staten Island Marine Hospital for a total of 43 days at $3.50 per day.

Conclusions of Law.

1. This Court has jurisdiction of the subject matter and the parties to this action.

2. Plaintiff is entitled to maintenance and cure for the period from November 18, 1946 through January 10, 1947, less the period from December 7, 1946 through December 17, 1946, during which he was an in-patient at Staten Island Marine Hospital. The total award for maintenance and cure is, therefore, for a net period of 43 days at $3.50 per day, or $150.50.

3. Plaintiff's alleged cause of action for damages is dismissed.

4. Judgment may be entered for plaintiff in the sum of $150.50, together with costs of this suit.